IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELLIS W. SORRELL, )<br>    Plaintiff, )<br>vs. )<br> )<br>DALLAS TX BRIDGE SHELTER, )<br>Staff, Bldg. 2, )<br>    Defendant. ) | No. 3:08-CV-1065-G (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

On June 24, 2008, Plaintiff filed the instant civil action against unidentified staff members of a local homeless shelter, and moved to proceed *in forma pauperis*. The Court granted plaintiff leave to proceed *in forma pauperis*, and sent him a Magistrate Judge's Questionnaire (MJQ)[1] so as to ascertain the nature of this action and the identities of defendants. On July 15, 2008, Plaintiff filed his Answers to the MJQ, wherein he made no attempt to identify defendants. He instead states that he will file a declaration if he is mailed a grant of $2,500 as requested. (*See* Answer to Question 1 of MJQ.) He also explains that he has no cell phone and is currently considered homeless. (*Id.*) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff proceeds *in forma pauperis* in this action. His complaint is thus subject to screening

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## III. PERSONAL JURISDICTION

Plaintiff seeks to sue unidentified staff members of a homeless shelter in this action. However, "[n]either the Federal Rules of Civil Procedure nor [any relevant statute] provides authority for joining fictitious defendants in this suit." *Taylor v. Federal Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986). Plaintiffs, even those proceeding *in forma pauperis*, have a duty to provide information sufficient to identify the defendants. Courts lack personal jurisdiction over unidentified fictitious defendants. *See id.* Because Plaintiff has identified no staff member who he wishes to sue, the Court should dismiss this action for lack of personal jurisdiction.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** this action for lack of personal jurisdiction. Such dismissal is without prejudice to Plaintiff filing a similar action once he can identify the staff members who he wishes to sue.

SIGNED this 11th day of August, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

     The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE